Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.

250 Park Avenue, 7th Floor
New York, New York 10177
Telephone: (212)300-5358
Facsimile: (347) 218-9478

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
YESH MUSIC, LLC,

                Plaintiff,

    v.

ELITE RESIDENTIAL REALTY,

                Defendant,
-----------------------------------------------------------------x

Index No.: 17-cv-5960

**COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT**

Plaintiff YESH MUSIC, LLC, by and through its attorneys at GARBARINI FITZGERALD P.C., brings this Complaint and Jury Demand against defendant ELITE RESIDENTIAL REALTY, a California corporation, based on its intentional infringement of plaintiff's copyrighted musical work "*Anything You Synthesize*", U.S. Copyright Registration SR 713-287 (the "Copyrighted Recording"), pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101 et seq. (the "Copyright Act" or "Act").

## **PARTIES**

1.    At all times material hereto, plaintiff Yesh Music, LLC ("YESH") was, and is, a limited liability company organized under the laws of the State of New York, with its principal offices located at 75-10 197th Street, Flushing, New York. YESH is engaged in the business of music publishing and otherwise commercially exploiting its copyrighted sound recordings of the

band *The American Dollar*. YESH is the assignee the registration for "*Anything You Synthesize*".

2. A copy of the certificate issued by the U.S. Copyright Office to plaintiff for "*Anything You Synthesize*", and the assignment of same, is annexed and incorporated hereto as **Exhibit 1** and **Exhibit 2.**

3. Plaintiff is informed and believes, and on that basis avers, that defendant Elite Residential Realty ("ELITE") is a California corporation with a headquarters located at 27001 Agoura Rd., Suite 285, Calabasas, CA 91301.

## JURISDICTION

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

6. This Court has *in personam* jurisdiction over the defendant because the defendant has established contacts within this Judicial District, sufficient to permit the exercise of personal jurisdiction.

7. ELITE published at least one infringing audiovisual advertisement (the "Subject Advertisement") on the Internet so it can be used or viewed within this Judicial District in the ordinary course of trade.

8. Upon information and belief, ELITE solicits money through its YouTube page, which can also be used and viewed within this Judicial District in the ordinary course of trade.

9. This Court Has Jurisdiction Pursuant to CPLR § 302(a)(3).

10. Defendant ELITE's infringement is a tort committed without the state.

11. Upon information and belief, ELITE seeks clients in this Judicial District.

12. Defendant regularly solicits business in this Judicial District.

13. The copyright owner resides in Queens, NY, and the injury was felt in that Judicial District.

14. Jurisdiction is conferred pursuant to CPLR 302(a)(3) subsection (i).

15. Defendant was expressly told there was no license by cease and desist notice dated September 7, 2017, and sent by email.

16. Defendant ignored the notice and continued to synchronize and distribute plaintiff's Copyrighted Recording without a license. Clearly, defendant knew its acts would have consequences in this Judicial District.

17. Jurisdiction is conferred pursuant to CPLR 302(a)(3) subsection (ii).

18. The jurisdiction of this Court is based upon 28 U.S.C. §§ 1331 and 1338 in that this controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. § 101 et seq.). This action is a civil action over which this court has original jurisdiction.

19. Being that defendant transacts business within the state or contracts anywhere to supply goods or services in the state – this Court has jurisdiction pursuant to CPLR § 302 (a)(1).

20. CPLR § 302 (a)(3) authorizes this Court to exercise jurisdiction over nondomiciliaries who commit a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if it: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

21. Defendant synchronized, reproduced, and distributed plaintiff's Copyrighted

Recording to at least one advertisements found on YouTube and Vimeo. This is a tort (copyright infringement) committed without the state.

22. The copyright owner resides in this Queens, NY, and the injury was felt in that Judicial District.

23. Defendants regularly do or solicit business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state.

24. Jurisdiction is conferred pursuant to CPLR 302(a)(3) subsection (i).

**VENUE**

25. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) and/or 28 U.S.C. § 1400(a).

26. Plaintiff has the right to bring the within action pursuant to 17 U.S.C. § 501(b).

27. Plaintiff's copyrighted recordings were registered prior to the alleged infringement, and satisfy the registration prerequisite under 17 U.S.C. 412(c).

**FACTS**

28. Defendant synchronized plaintiff's Copyrighted Recording to at least one video advertisement which can be found on YouTube at https://www.youtube.com/watch?v=00TETwQKUak and Vimeo at https://vimeo.com/74145733 (the "Subject Advertisement").

29. The Subject Advertisement was discovered by plaintiff on or about September 7, 2017.

30. Plaintiff immediately notified defendant by email of the infringement.

31. Defendant responded by email on September 7, 2017 that it needed the specific URL for the advertisement.

32. Plaintiff provided the URL for the video, and defendant's CEO responded: "WE used an outside service to generate this video and it's a photographer we no longer use. I don't have excess to make any changes to that video on my own but I will contact him and ask him to remove the music. . ."

33. Attached as **Exhibit 3** is the email string between plaintiff and defendant.

34. The Subject Advertisement, however, was not posted to YouTube by a photographer, it was posted by ELITE. This means only ELITE may access and remove the Subject Advertisement.

35. Over one month later, the Subject Advertisement is still active on YouTube and Vimeo.

36. Clearly, defendant will continue to infringe plaintiff's exclusive rights unless acted upon by this Court.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

37. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

38. Defendant has, without a synchronization, or any other, license synchronized plaintiff's copyrighted recording "*Anything You Synthesize*", to the Subject Advertisement.

39. Defendant, without license or authority, reproduced and distributed the Subject Advertisement through YouTube and Vimeo.

40. It cannot be disputed that plaintiff has a valid, registered copyright, for the Copyrighted Recording, and defendant has synchronized, reproduced, and distributed plaintiff's Copyrighted Recording without a license, thus infringing plaintiff's rights under the Copyright Act.

41. Irreparable injury is presumed here as plaintiff has established a prima facie case of copyright infringement.

42. Even after defendant was put on notice of the infringement over one month before the date before this action was filed; it elected to continue to synchronize, reproduce, distribute, and publicly perform plaintiff's Copyrighted Recording.

43. The synchronization, reproduction, and/or distribution, of the Copyrighted Recording was clearly intentional within the meaning of 17 U.S.C. § 504(c)(2) for the purposes of enhancing statutory damages.

44. Defendant's knowledge may be inferred from their conduct as well as its reckless disregard of plaintiff's rights (rather than actual knowledge of infringement), which suffices to warrant award of enhanced damages.

45. As a direct and proximate result of defendant's infringement, plaintiff has incurred actual damages in the form of licensing fees, and the forced association with defendant.

46. Plaintiff may recover its actual damages, and defendant's profit to be determined at trial. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000.

47. Plaintiff also seeks its attorneys' fees and costs, as well as pre-post judgment interest.

### SECOND CLAIM FOR RELIEF
### VIOLATION OF DMCA OF 1998, AS AMENDED,
### 17 U.S.C. § 1201, et seq.

48. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

49. Section 1202 of the DMCA provides, in part: (a) no person shall knowingly and with the intent to induce, enable, facilitate, or conceal the infringement - (1) provide copyright information that is false, or (2) distribute or import for distribution copyright management

information that is false. (b) No person shall, without the authority of the copyright owner or the law - (1) intentionally remove or alter any copyright management information, [or] (3) distribute . . . works [or] copies of works . . . knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title. 17 U.S.C. § 1202(a)-(b).

50. Copyright management information is defined as "information which identifies the work, the author of the work, the owner of any right in the work, or information about the terms and conditions of use of the work . . . which is attached to a copy of a work or appears in connection with communication of the work to the public." S.Rep. No. 105-190 (1988).

51. Defendant failed to include information which identified the Copyrighted Recording, the author of the Copyrighted Recording, the owner of any right in the Copyrighted Recording, or information about the terms and conditions of use of the Copyrighted Recording.

52. The defendant violated the DMCA each time it wrongfully distributed the Copyrighted Recording.

53. Defendant also violated section 1202 by, upon information and belief, by abstracting the Copyrighted Recording, thus removing and/or altering the anti-circumvention software.

54. Defendant did the forgoing with the intent to conceal the infringement.

55. Plaintiff elects to recover an award of statutory damages for each violation of section 1202 in the sum of not less than $2,500, or more than $25,000.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1. restitution of defendant's unlawful proceeds;

2. compensatory damages in an amount to be ascertained at trial;

3. statutory damages to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4. reasonable attorneys' fees and costs (17 U.S.C. § 505);

5. an award of statutory damages for each violation by defendants of the DMCA, 17 U.S.C. § 1202;

6. pre- and post-judgment interest to the extent allowable;

7. such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: October 12, 2017

**GARBARINI FITZGERALD P.C.**

By: *[signature]*
Richard M. Garbarini (RG 5496)
250 Park Avenue, 7th Floor
New York, New York 10177
Telephone: (212) 300-5358
Facsimile: (347) 218-9479